OPINION
Phyllis J. Smith appeals from a judgment of the County Court of Montgomery County, Area One, Civil Division, which awarded Brenda Smith-Brown $1,092.50 plus court costs and interest.
The record reveals as follows. On September 25, 1998, Smith-Brown, as landlord, entered into a one-year lease agreement with Smith, as tenant, for the residential home located at 10 Nona Drive, Trotwood, Ohio. On August 1, 1999, Smith sent a notarized letter to Smith-Brown indicating that she was moving out of the home because it was "impossible for [her] to live [there]" when the heat index was between 105 and 110 degrees and "once again the air-conditioner [was] not working." Smith vacated the home on the same day.
On November 3, 1999, Smith-Brown filed a complaint against Smith alleging that Smith had breached the terms of the parties' one-year lease agreement and had damaged the home. The complaint asked for compensatory damages, attorneys fees, and court costs. On November 15, 1999, Smith filed an answer stating that she had not damaged the property.
On January 19, 2000, the clerk of courts sent a notice to the parties that the case was set for a hearing on February 17, 2000. The notice indicated that it was sent to Smith-Brown's attorney and to Smith.
The trial court conducted a hearing on February 17, 2000. Smith did not appear at the hearing. Although the exhibits from the hearing are in the record, no transcript from such hearing appears in the record.
On February 24, 2000, the trial court awarded Smith-Brown "rent for the months of August and September at $650 per month, less the $650 deposit paid at the inception of the lease; $192.20 for City of Trotwood fees; [and] attorney fees in the amount of $250 for a total of $1.092.50, plus court costs and interest."
Smith now appeals the trial court's judgment. Her pro se
brief is styled as an unsworn letter to the court and does not set out an assignment of error. In this letter, she states that she did not receive notice from the clerk's office that the hearing was set for February 17, 2000 until February 18, 2000. Her notice of appeal of the trial court's decision states, similarly, that she had not received timely notice of the hearing.
There is nothing in the record to demonstrate that Smith did not receive timely notice of the hearing date except her unsworn statements in her notice of appeal and appellate brief. Based upon the record, it appears that notice of the hearing date was sent to Smith from the clerk's office on January 19, 2000.
In reviewing the record, it does not appear that Smith was in the habit of ignoring court processes. Further, her notice of appeal states, "If I had received the [notice,] I would have been at court." If, in fact, Smith did not receive timely notice of the hearing date, her due process rights were violated and such violation should be addressed to the trial court in a Civ.R. 60(B) motion.
Absent a transcript, it is impossible for us to say that the trial court did not have a sufficient evidentiary basis to render its judgment and thus we presume regularity in the trial court's proceedings. Further, the exhibits in the record support the trial court's judgment because they contain evidence that establishes Smith's indebtedness to Smith-Brown.
Smith-Brown requests that we award her reasonable attorney fees because Smith "has brought frivolous claims unduly prolonging this matter." App.R. 23 states:
 If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs.
Smith's sole argument was that she did not receive timely notice of the hearing. If, in fact she did not receive notice, her due process rights were violated. Although the record does not support Smith's contention that she did not receive timely notice of the hearing, we cannot say, with certainty, that she did receive timely notice of the hearing and thus we will not determine that her appeal was frivolous. Smith is not a lawyer and her resort to an appeal rather than a Civ.R. 60(B) motion for relief from judgment is understandable. Smith-Brown's request for attorney fees will be denied.
The judgment of the trial court will be affirmed.
 ______________________ WOLFF, J.
GRADY, P.J. and BROGAN, J., concur.